USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 1 0 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Emile Heriveaux,

   Plaintiff,

—v—

Maria Yolanda Lopez-Reyes, et al.,

   Defendants.

17-cv-9610 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

On December 7, 2017, pro se Plaintiff Emile Heriveaux filed a complaint and a motion for emergency relief against Defendants. Dkt. Nos. 1 & 3. Plaintiff sought to enjoin Defendants from enforcing a state court judgment through a levy on Plaintiff's real property. *See* Dkt. Nos. 3, 4. In an order dated February 12, 2018, the Court denied Plaintiff's motion for emergency relief, which it construed as a motion for a preliminary injunction. Dkt. No. 19. The Court concluded that because the *Rooker-Feldman* doctrine likely barred the Court from considering Plaintiff's claims, Plaintiff had shown neither a likelihood of success on the merits nor sufficiently serious questions going to the merits. *See* Dkt. No. 19 at 2.

Plaintiff now moves for reconsideration of that order pursuant to Local Rule 6.3.[1] *See* Dkt. No. 20. For the reasons that follow, the Court denies the motion.

---

[1] In Plaintiff's notice of the motion for reconsideration, Dkt. No. 20, he cites to Federal Rule of Civil Procedure 60(a) in addition to Local Rule 6.3. However, Rule 60(a) is inapplicable to the instant motion. Rule 60(a) provides that the Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The rule allows for the correction of clerical mistakes and inadvertent errors so that the order accurately reflects the decision that the court made. *See Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (per curiam). Here, Plaintiff does not suggest that the Court made a mistake or an error, and the Court does not conclude that it did.

1

"A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). In other words, a motion for reconsideration may be granted only when the moving party can point to "matters . . . that might reasonably be expected to alter the conclusion reached by the Court.'" *Hernandez v. Loans*, 16 Civ. 3755, 2016 WL 6561415, at *1 (S.D.N.Y. Oct. 24, 2016) (alteration in original) (quoting *In re JPMorgan Chase & Co. Derivative Litig.*, No. 12 Civ. 03878, 2014 WL 3778181, at *1 (S.D.N.Y. July 30, 2014)). "The standard for granting a motion for reconsideration is strict because reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Seoul Viosys Co., Ltd. V. P3 Int'l Corp.*, 16-CV-6276, 2018 WL 401511, at *2 (S.D.N.Y. Jan. 12, 2018) (citation and internal quotation marks omitted).

Plaintiff contends that the Court overlooked "controlling material facts"; that his claims are not barred by the *Rooker-Feldman* doctrine; that Defendants conspired to defraud the Supreme Court of the State of New York; and that Plaintiff was injured as a result of Defendants' fraud on the Court. Dkt. No. 21 (Pl. Memo) at 2. However, Plaintiff does not point to any facts or law that the Court overlooked that would alter the Court's conclusion in its February 12, 2018 order. Plaintiff cites to *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423 (2d Cir. 2014) (per curiam), to support his contention that the *Rooker-Feldman* doctrine does not bar his claims. *See* Pl. Memo at 7-8. But in *Vossbrinck*, the Second Circuit stated, "To

---

In Plaintiff's memorandum in support of his motion for reconsideration, Dkt. No. 21 at 2, Plaintiff cites to Federal Rule of Civil Procedure 59(e). The standards for a motion pursuant to rule 59(e) and Local Civil Rule 6.3 are identical. *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 256 (S.D.N.Y. 2017).

the extent Vossbrinck asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars Vossbrinck's claim." 773 F.3d at 427. *Vossbrinck* thus does not alter the Court's conclusion that "[c]ourts in this District consistently have held that there is no 'fraudulent procurement' exception to the *Rooker-Feldman* doctrine." Pl. Memo at 2 (alteration in original) (quoting *Sorenson v. Wolfson*, 96 F. Supp. 3d 347, 369 (S.D.N.Y. 2015)). Furthermore, although Plaintiff is correct that the Second Circuit did not hold that the *Rooker-Feldman* doctrine applied to all of the plaintiff's claims in *Vossbrinck*, it explained that the fraud claims were not barred by *Rooker-Feldman* "because they seek damages from Defendants for injuries Vossbrinck suffered from their alleged fraud, the adjudication of which does not require the federal court to sit in review of the state court judgment." 773 F.3d at 427. By contrast, Plaintiff sought an injunction prohibiting Defendants from enforcing a state court judgment against him, which "require[s] the federal court to sit in review of the state court judgment." Thus even to the extent that the complaint here "can be liberally construed as asserting fraud claims that are not barred by *Rooker-Feldman*," *id.*, the injunction sought by Plaintiff would not remedy those claims. Accordingly, *Vossbrinck* does not change the Court's conclusion that Plaintiff failed to show a likelihood of success on the merits—or sufficiently serious questions going to the merits—and therefore was not entitled to a preliminary injunction.

The Court denies Plaintiff's motion for reconsideration. This resolves Docket Number 20. The Court will decide the pending motion to dismiss, *see* Dkt. Nos. 12 & 17, in due course. This Order will be mailed by Chambers to the pro se Plaintiff. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order will not be taken in good faith, and

therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 10, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge