UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Emile Heriveaux,

        Plaintiff,

—v—

Maria Yolanda Lopez-Reyes, et al.,

        Defendants.

17-cv-9610 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

On December 7, 2017, pro se Plaintiff Emile Heriveaux filed a complaint against Defendants, Dkt. No. 1, and he filed an amended complaint on February 2, 2018, Dkt. No. 15 (FAC). Defendants moved to dismiss Plaintiff's amended complaint. Dkt. Nos. 12, 17. For the reasons set forth below, the Court grants the motion to dismiss.

I.     **BACKGROUND**

On October 31, 2013, Defendant Maria Yolanda Lopez-Reyes sued, inter alia, Plaintiff in state court alleging fraud and conversion for his alleged theft of more than $173,000 from Lopez-Reyes under the false pretense that Plaintiff would establish a supermarket business for her. *See* Dkt. No. 15, Ex. F (State Complaint); Dkt. No. 15, Ex. L-4 (November 14, 2016 State Decision) at 1-2. In November 2016, the state court struck Plaintiff's answer to Lopez-Reyes's complaint "based on his repeated and willful failure to provide a bill of particulars to affirmative defenses." November 14, 2016 State Decision at 8. The court referred the matter to a special referee for an inquest as to damages. *Id.* In addition, the court directed Plaintiff to pay a financial sanction and to reimburse Lopez-Reyes for the attorneys' fees she incurred, to be determined by the special referee. *Id.* at 9-10.

1

After an inquest as to damages, the state court entered judgment against Plaintiff on February 2, 2017. *See* Dkt. No. 15, Ex. L-9 (State Judgment); Dkt. No. 12, Ex. R (November 22, 2017 State Decision) at 3. Plaintiff then moved the state court to vacate the judgment against him because he alleged that it was procured as a result of Lopez-Reyes's perpetration of fraud. *See* Dkt. No. 12, Ex. Q (June 15, 2017 State Decision) at 1-2. The state court denied that motion on June 15, 2017 and stated that Plaintiff had failed to show that Lopez-Reyes committed fraud in procuring the judgment. *Id.* at 2-3. Plaintiff again moved the state court to vacate the judgment against him, asserting that he was never given notice that the inquest was going to occur. *See* November 22, 2017 State Decision. The state court denied that motion on November 22, 2017. *See id.* at 6.

On December 7, 2017, Plaintiff filed a complaint with this Court. *See* Dkt. No. 1. Plaintiff names as defendants Lopez-Reyes and her attorneys in the state court action, Evan Dana Van Leer-Greenberg, Howard Barry Greenberg, and their law firm Van Leer & Greenberg, Esqs. That same day, Plaintiff sought a preliminary injunction to prevent Defendants from enforcing the state court judgment through a levy on Plaintiff's real property. *See* Dkt. Nos. 3, 4. The Court denied that motion, Dkt. No. 19, and Plaintiff's subsequent motion for reconsideration of that decision, Dkt. No. 29.

In response to Defendants' motion to dismiss the complaint, Plaintiff filed an amended complaint on February 2, 2018. *See* Dkt. No. 15. Plaintiff alleges that Defendants defrauded the Supreme Court of the State of New York, *see* FAC ¶¶ 51-52, 68-69, 72-80, 87, 92, 95, 100-02, 110-13; that the judgment they obtained against him is therefore fraudulent and should be vacated and declared void and unenforceable, *see id.* ¶¶ 127-29; *id.* at 28-29; and that Plaintiff is entitled to an injunction prohibiting Defendants from enforcing that judgment against him, *see*

2

*id.* at 29. Specifically, Plaintiff brings three claims: (1) fraud upon the court in violation of Federal of Civil Procedure 60(d)(3), *see id.* ¶¶ 49-69; (2) conspiracy to violate New York State Judiciary Law § 487, *see id.* ¶¶ 70-113; and (3) a request for a declaratory judgment and a permanent injunction, *see id.* ¶¶ 114-29. Defendants have moved to dismiss Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. No. 12.

The Court now considers Defendants' motion to dismiss Plaintiff's amended complaint.

**I.    STANDARD OF REVIEW**

A case may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may refer to evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction. *Id.* "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

To survive a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted, the claimant must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "state a claim to relief that is plausible on its face." *Id.* at 570. In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to

3

the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C,* 622 F.3d 104, 111 (2d Cir. 2010). A district court may also consider "matters of which judicial notice may be taken." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

Here, the Court considers the materials attached to Plaintiff's amended complaint and the filings and decisions in the underlying state court action, of which the Court may take judicial notice.

## II. DISCUSSION

### A. The Court Lacks Jurisdiction over Plaintiff's Rule 60(d)(3) Claim and His Requests that the Judgment Be Vacated and an Injunction Entered.

As an initial matter, Defendants contend that the Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. *See* Dkt. No. 12, Ex. 23 (Def. Memo) at 9-12.

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). There are four requirements for the doctrine to apply: (1) the federal-court plaintiff must have lost in state court; (2) the state-court judgment must have caused the alleged injuries; (3) the plaintiff must seek district court review and rejection of the state-court judgment; and (4) the state-court judgment must have been entered before the district court proceedings commenced. *Id.* at 85. A suit is thus barred by *Rooker-Feldman* "if it complains of injury from the state-court judgment and seeks review and rejection of that judgment." *Id.* at 86. "Courts in this District consistently have held that there is no 'fraudulent procurement' exception to the *Rooker-Feldman* doctrine," *Sorenson v. Wolfson*, 96 F. Supp. 3d

4

347, 369 (S.D.N.Y. 2015); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) (stating that the Second Circuit has never recognized a fraud exception to the *Rooker-Feldman* doctrine). However, fraud claims may not be barred by *Rooker-Feldman* when "they seek damages from Defendants for injuries [the plaintiff] suffered from their alleged fraud, the adjudication of which does not require the federal court to sit in review of the state court judgment." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (per curiam). Nevertheless, to the extent that a plaintiff "asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [the plaintiff's] claim." *Id.*

Here, Plaintiff lost in state court, and the state court judgment was entered before this action commenced. Plaintiff now requests that the state court judgment be vacated and declared void and unenforceable, *see* FAC ¶¶ 127-29; *id.* at ¶¶ 28-29, and that an injunction be entered prohibiting Defendants from enforcing that judgment against him, *see id.* at ¶ 29. Plaintiff thus asks the Court to "sit in review of the state court judgment," *Vossbrinck*, 773 F.3d at 427, which the *Rooker-Feldman* doctrine prohibits. Although Plaintiff alleges that Defendants used "lies, misrepresentations, and concealment of evidence" to obtain the judgment, FAC ¶ 52, "[c]ourts in this District consistently have held that there is no 'fraudulent procurement' exception to the *Rooker-Feldman* doctrine," *Sorenson*, 96 F. Supp. at 369. Accordingly, pursuant to the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to consider Plaintiff's Rule 60(d)(3) claim, which asks the Court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Likewise, the Court lacks jurisdiction to vacate or declare void and unenforceable the state court judgment or to enjoin Defendants from enforcing that judgment against Plaintiff.

5

However, Plaintiff's Section 487 claim does not require the Court to sit in review of the state court judgment and is thus not barred by the *Rooker-Feldman* doctrine. Indeed, federal courts have considered the merits of such claims. *See, e.g., Amalfitano v. Rosenberg*, 533 F.3d 117 (2d Cir. 2008). Accordingly, the Court considers whether Plaintiff has stated a claim under Section 487.

### B. Res Judicata Bars Plaintiff's Section 487 Claim.

Section 487 of the New York Judiciary Law provides that an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . forfeits to the party injured treble damages, to be recovered in a civil action." N.Y. Jud. Law § 487. "Section 487 thus permits a civil action to be maintained by any party who is injured by an attorney's intentional deceit or collusion in New York on a court or on any party to litigation, and it provides for treble damages." *Amalfitano*, 533 F.3d at 123. Some courts in New York require the plaintiff in a Section 487 action to show a "chronic and extreme pattern" of legal delinquency by the defendant, but others "have found attorneys liable under the statute for a single intentionally deceitful or collusive act." *Id.*

Defendants contend that Plaintiff's allegations regarding their conduct and statements in the state court proceeding were "within the bounds of vigorous advocacy in an adversarial proceeding," Def. Memo at 20, and thus do not establish a Section 487 violation, *id.* at 20-21. Defendants also emphasize that Plaintiff's "allegations with respect to their purported 'fraud and collusion' were summarily rejected and dismissed" in the underlying state court action. *Id.* at 21. Defendants argue that Plaintiff's fraud claims are therefore barred by the doctrines of res judicata and collateral estoppel. *See id.* at 12-16.

In New York, the doctrine of collateral estoppel "estop[s] [a party] from relitigating an issue when that issue was necessary to the resolution of the prior action, and the party against whom estoppel is invoked had a full and fair opportunity to contest that issue in the previous litigation." *PenneCom B.V. v. Merrill Lynch & Co., Inc.*, 372 F.3d 488, 491 (2d Cir. 2004).

The doctrine of res judicata bars subsequent actions when the previous action involved an adjudication on the merits and the subsequent adjudication involves the same parties as the previous action (or those in privity with them) and claims that were or could have been raised in the previous action. *Monahan v. Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000). "Under New York's transactional approach to [res judicata], once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 194 (2d Cir. 2008) (alteration in original) (quoting *In re Derek Josey*, 880 N.E.2d 18 (2007)).

In state court, Plaintiff moved to vacate the judgment against him because "the judgment was allegedly based on fraud perpetrated by [Lopez-Reyes]." June 15, 2017 State Decision at 1-2. Plaintiff also sought to stay enforcement of the judgment, "urging that it cannot be enforced against him since it was procured by fraud." *Id.* at 2. The state court denied the motion and explained that Plaintiff had "failed to show that [Lopez-Reyes] committed fraud in procuring the judgment." *Id.* Plaintiff's claim was based on CPLR 5015(a)(3), not Section 487. *See id.* Accordingly, collateral estoppel does not bar Plaintiff's claim because the Section 487 issue was not actually litigated or decided. Nevertheless, Plaintiff could have raised the Section 487 claim in state court when he raised the issue of fraud. *See Lipin v. Hunt*, No. 14-CV-1081 RJS, 2015 WL 1344406, at *9 (S.D.N.Y. Mar. 20, 2015) (dismissing a Section 487 claim in part because

7

"Plaintiff should have raised these misconduct allegations before the courts in which the allegedly improper conduct occurred"); *see also Zito v. Fischbein Badillo Wagner Harding*, 80 A.D.3d 520, 521 (2011) (dismissing a Section 487 claim on res judicata grounds). Because Plaintiff could have raised the claim in the earlier proceedings, the Section 487 claim is barred under the doctrine of res judicata.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss. This resolves Docket Number 12. The Clerk of Court is directed to close the case and enter judgment. This Order will be mailed by Chambers to the pro se Plaintiff.

SO ORDERED.

Dated: July 10, 2018
New York, New York

ALISON J. NATHAN
United States District Judge